IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC HARRIS, *individually and on behalf of all others similarly situated*,
   Plaintiff,

v.

NCR CORPORATION, *a foreign for profit Corporation*,
   Defendant.

Civil Action No.
1:22-cv-00714-SDG

**ORDER APPROVING OF PARTIES' JOINT MOTION TO CONFIRM ARBITRATION AWARDS APPROVING OF SETTLEMENTS AND ENTRY OF JUDGMENT FOR PLAINTIFFS**

This Court, having reviewed the Joint Motion to Confirm Arbitration Awards and Orders Approving of Settlement and Entry of Judgment for Plaintiffs ("Joint Motion") (ECF 27), and accompanying exhibits, and having reviewed the same, it is hereby **ORDERED** and adjudged as follows:

As set forth in the Joint Motion, each of the Plaintiffs in this case arbitrated their claim under the Fair Labor Standards Act against NCR Voyix Corporation, formerly known as NCR Corporation ("NCR"). During the course of such arbitration, each Plaintiff and NCR resolved and settled Plaintiffs' claims as set forth in the Joint Motion. After reviewing the settlement agreements between the Plaintiffs and NCR, the presiding Arbitrators found that the settlement

agreements are fair and reasonable and each approved the same. "[T]here is a presumption that arbitration awards will be confirmed" and "federal courts should defer to an arbitrator's decision whenever possible." *See Frazier v. CitiFinancial Corp., L.L.C.*, 604 F.3d 1313, 1322 (11th Cir. 2010) (quoting *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)). *Donado v. MRC Express, Inc.*, Civil Action No. 17-24032-Civ-Scola, 2019 U.S. Dist. LEXIS 246636, at *2 (S.D. Fla. Sep. 6, 2019); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) ("Judicial review of arbitration awards is 'narrowly limited,' and the FAA presumes that arbitration awards will be confirmed."). "As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard*, 307 F.3d at 1288.

All of the Parties have moved this Court to approve and adopt the Arbitration Awards and Orders. Accordingly, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), for the reasons set forth in the Joint Motion, the Arbitration Orders and Awards are approved by this Court. Judgment is herein entered for the following Plaintiffs against Defendant, NCR Voyix Corporation, formerly known as NCR Corporation, as follows:

    a. Eric Harris: $43,977.50

    b. Roseanne Adamson: $26,873.85

    c. Felicia Griffith: $20,094.53

    d. Shantia Majors-Parks: $4,430.84

    e. Deedie Prease-Smith: $17,425.30

    f. Steven Nwagbara: $3,172.00

    g. LaDawn Ray: $26,424.13

    h. Cheryll Miller: $20,823.00

    i. Michelle Washington: $25,643.72

    j. Dana Wright: $18,891.36

Pursuant to the terms of the Arbitrator's Awards, Orders and Judgments for these Plaintiffs submitted and attached as Exhibits to the Joint Motion, the Court **DISMISSES WITH PREJUDICE** this case and any of Plaintiff's remaining claims, except their claims for reimbursement of their attorneys' fees, expenses, and costs, which can proceed before an arbitrator, but must be approved by the Court once all ten arbitrations are complete. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 847 (11th Cir. 2019) ("Once a plaintiff has prevailed, the 'determination of a reasonable fee pursuant to section 216(b) of the [FLSA] is left to the sound discretion of the trial judge and

will not be set aside absent a clear abuse of discretion.'") (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

The Court **DIRECTS** Defendant to pay the Plaintiffs the amounts above according to the terms of the respective settlement agreements.

The Court reserves jurisdiction to enforce the terms of these settlements for a period of 60 days.

**SO ORDERED** this 5th day of December, 2023.

_____
Steven D. Grimberg
United States District Judge