## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIC HARRIS, *Individually and on behalf of all Others similarly situated,*

Plaintiff,

                                Case No: 1:22-CV-00714-SDG
                                216(b) Collective Action

v.

NCR CORPORATION, a foreign
for profit Corporation,
Defendant.

_____/

## PLAINTIFF'S MOTION TO CONFIRM ARBITRATORS' ATTORNEYS FEE and COSTS AWARDS AND ENTRY OF JUDGMENT FOR PLAINTIFFS

Plaintiffs Eric Harris and all opt-in Plaintiffs[1] move this Court for an Order

Confirming the Arbitrators' Attorneys' Fees and Costs Awards (also referred to as

"Arbitration Fee Orders") pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 203, and the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350 (11th Cir. 1982). Plaintiffs submit the attached

---

[1] LaDawn Ray, Shantia Parks, Roseanne Adamson, Cheryl Miller, Dana Wright, Deedie Prease, Steven Nwagbara, Felicia Griffith, and Michelle Washington, have opted-in to this after (Doc. 3, 4, 5, 6, 19, and 26)

Arbitration Attorney's Fee Orders for approval and entry of Judgment for the Plaintiffs. In support thereof, the Plaintiffs show as follows:

After a full day's mediation on July 27, 2023, each of the individual Plaintiffs and NCR Voyix Corporation, formerly known as NCR Corporation ("NCR") reached a resolution of each Plaintiff's FLSA claims for unpaid wages. Afterward, each of the ten arbitrators reviewed and approved the settlement agreements. The Parties then moved this Court for confirmation and approval of the arbitration settlements [D.E. 27].

On December 5, 2023, this Court issued an Order approving the settlements, "except their claims for reimbursement of their attorneys' fees, expenses, and costs, which can proceed before [the] arbitrator[s]…" [D.E. 28]. The Court directed the Plaintiffs to submit all ten fee awards to be submitted and approved by the Court "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." [D.E. 28] *citing Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009) and *P&K Rest. Enter., LLC v. Jackson,* 758 F. App'x 844, 847 (11th Cir. 2019).

Final briefing on Plaintiffs' Counsels' Motions for reimbursement of attorneys' fees and costs concluded on January 10, 2024. Notably, briefing concluded *after* this Court's approval of the settlement, and *after* Plaintiffs'

settlements were paid (*appx*. December 13, 2023). On March 6, 2024 the last of the ten Arbitration Fee Orders was issued.

Because the Arbitration Fee Orders were determined by ten separate arbitrators and after the Court's approval of the Plaintiffs' settlements, the Court's concern related to conflicts of interest are allayed.

Now that each arbitrator has entered an Arbitration Fee Order, the Court's other concerns are similarly mitigated. The Arbitration Fee Orders are attached hereto as <u>Exhibits One through Eleven</u>:

| Ex. # | Plaintiff | AAA Case # | Fee Award | Cost Award | Order Date |
|-------|-----------|------------|-----------|------------|------------|
| 1 | Roseanne Adamson | 01-22-0003-7312 | $78,396.25 | $3,713.89 | 12-20-2023 |
| 2 | Felicia Griffith | 01-22-0003-9483 | $92,267.25 | $2,311.17 | 02-09-2024 |
| 3 | Eric Harris | 01-22-0003-5151 | $109,226.70 | $8,160.64 | 01-29-2024 |
| 4 | Cheryl Miller | 01-22-0003-8405 | $35,918.25 | $300.00 | 03-06-2024 |
| 5 | Steven Nwagbara | 01-22-0004-4338 | $43,723.97 | $592.16 | 12-18-2023 |
| 6 | Steven Nwagbara (Supplemental) | 01-22-0004-4338 | $4,500.00 | | 01-15-2024 |
| 7 | Shantia Majors-Parks | 01-22-0003-7287 | $52,248.30 | $551.99 | 01-08-2024 |
| 8 | Deedie Prease-Smith | 01-22-0003-7298 | $39,963.70 | $300.00 | 02-09-2024 |
| 9 | LaDawn Ray | 01-22-0003-5696 | $56,916.93 | $490.22 | 01-09-2024 |
| 10 | Michelle Washington (Revised) | 01-22-0003-7604 | $42,716.63 | $300.00 | 01-23-2024 |
| 11 | Dana Wright | 01-22-0003-6716 | $45,554.70 | $300.00 | 02-09-2024 |
| | | | **$601,432.68** | **$17,020.07** | |

In aggregate, the Arbitration Fee Orders total $601,432.68 in attorneys' fees and $17,020.07 in costs reimbursement.

Plaintiffs sought to file a 'joint motion' to approve the awards, but NCR declined and represented it will file its own motion intending to ask the court for some unknown, heightened review or challenge. This foreshadows NCR's continuing effort to drag out this fee litigation, and turn the question of the quantum of fees into a second major litigation. Plaintiffs' Counsel will suffer prejudice if NCR attempts to delay payment of attorneys' fees any longer. By the express terms of the Settlement Agreements approved by the arbitrators and approved by this Court on December 5, 2023, the payment of attorneys' fees is already due and owing:

> "NCR shall deliver the awarded or approved attorneys' fees and costs at the latter of the Court approving this Agreement or within twenty-one (21) days following the Arbitrator's award."[2]

Should NCR engage in dilatory action(s) or attempts to stall payment, Plaintiffs' Counsel must reserve the right to respond and seek additional attorneys' fees, costs and post-judgement interest. *See Nelson v. PJ Cheese, Inc.,* Civil Action 4:20-CV-00242-JPB (N.D. Ga. Jul 12, 2023) holding that reasonable attorney's fees for collecting a final judgment are available under the FLSA. Including "awarding attorney's fees under the FLSA for the costs incurred in confirming the arbitration

---

[2] All attorneys' fees and costs are due and owing except for the Arbitrator Fee Order in the Cheryl Miller, case no. 01-22-0003-8405.

award..." *citing Thomas v. Grease Guard, LLC,* No. 1:14-CV-619, 2018 WL 1137183, at *1 (N.D.Ga. Jan. 5, 2018) and *Ashton v. PJ La., Inc.,* No. 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) ("awarding attorney's fees incurred in the confirmation of the arbitration award and recognizing that other district courts have done the same in FLSA cases").

Accordingly, Plaintiffs respectfully request that this Court issue an Order Approving or Confirming the Arbitrators' Attorneys' Fees and Costs Awards.

## ARGUMENT AND AUTHORITY

### I. The Arbitration Fee Orders Should be Approved

First and foremost, "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Pursuant to the FLSA and *Lynn's Foods*, the Plaintiffs submit the Arbitration Fee Orders for the Court's adoption and approval. A claim brought under the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food*, 679 F.2d at 1352-53. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Foods*, 679 F.2d at at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must

determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355; *see also O'Neal v. Am. Shaman Franchise Sys., LLC*, No. 8:20-cv-936-KKM-AAS, 2022 U.S. Dist. LEXIS 92100, at *8 (M.D. Fla. May 23, 2022).

This Court has already approved Plaintiffs' Settlement Agreements, "except [Plaintiffs'] claims for reimbursement of their attorneys' fees, expenses, and costs, which can proceed before [the] arbitrator[s]…" [D.E. 28]. The Court directed the Plaintiffs to submit all ten fee awards to be submitted and approved by the Court "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *citing Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009) and *P&K Rest. Enter., LLC v. Jackson,* 758 F. App'x 844, 847 (11th Cir. 2019).

**1. No Conflict of Interest Exists to Taint the Amounts Plaintiffs Recovered.**

The Plaintiffs' claims were resolved at mediation on July 27, 2023, the Settlement Agreements were reduced to writing and submitted to the Court for approval [D.E. 27]. Thereafter, the Parties began briefing the arbitrators for an award of attorneys' fees and costs on September 14, 2023. Final briefing concluded on January 10, 2024 after what one arbitrator described as "voluminous submissions, exhibits and authority." Ex. 3 - Harris Arbitration Fee Order

Because Plaintiffs' Settlement Agreements were approved by the arbitrators *before* Plaintiffs' Counsel even moved for attorneys' fees and costs,[3] the quantum of attorneys' fees and costs could not have influenced or 'tainted' the amounts Plaintiffs recovered under the Settlement Agreements.

Moreover, this Court approved the Plaintiffs' Settlement Agreements *before* any of the ten arbitrators issued the first Arbitration Fee Order (Adamson). This is unequivocal evidence that the amounts Plaintiffs recovered were not impacted by the amount of attorneys' fees, and no collusion or conflict of interest is/was present in this case.

2. **The Arbitration Fee Orders Are Not Challenged by Plaintiffs' Counsel as inadequate, and Plaintiffs are not certain they legally can challenge.**

This case was filed on February 20, 2022 [D.E. 1]. Subsequently, this case was heavily litigated in ten separate arbitrations before ten separate arbitrators with multiple hearings, depositions and discovery in each case. Even after this Court approved Plaintiffs' Settlement Agreements on December 5, 2023, the litigation did not end. The Parties continued litigating over the quantum of attorneys' fees and costs to be awarded in each case. In fact, the litigation is ongoing until this Court resolves this motion.

---

[3] The first arbitration order approving the Settlement Agreement was issued on Aug. 24, 2023 (Ray), and the final arbitration order approving the Settlement Agreement was issued on Sept. 13, 2023 (Majors-Parks).

Ultimately, each of the ten arbitrators, after reviewing all the evidence, records, depositions, motions brief and (for 8 cases, export Affidavits) issued 10 individual Arbitration Fee Orders awarding Plaintiffs' Counsel attorneys' fees and costs based upon each arbitrator's own findings in the case before them. The history of the case preceding the submission of the fee motions included numerous depositions, exchange of discovery, discovery hearings and much of the better of 6 to 7 months of full-blown discovery and litigation was all yet again presented to each of them through 'voluminous submissions, exhibits and lengthy briefs with competing legal authority' presented. For differing reasons and findings of fact, all ten arbitrators reduced Plaintiffs' attorneys' fees requested in each case - including reducing the supplemental attorneys' fees for time incurred in proving the entitlement to fees.[4]

While Plaintiffs' Counsel takes umbrage with some of the 'across the board' reductions, reductions in hourly rates, the arbitrator's determination of reasonable hourly rates and their findings that some hours are non-compensable, this legal dispute has gone on long enough (over 2 years) and justs needs to achieve finality. Plaintiffs' Counsel prosecuted this matter on a contingent basis and have not yet been paid now for more than 2 years and 1 month of work, with now who knows

---

[4] "In addition, a party may also recover the cost of establishing their right to, and the amount of attorney's fees-the right to fees-on-fees." *Pierre-Louis v. Baggage Airline Guest Servs.,* 19-cv-61306-RAR/Becerra, 12 (S.D. Fla. Aug. 4, 2021) *citing Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010).

how much more time yet to get their fees confirmed, approved and recovered. Continued delay here which NCR has by its refusal to agree to jointly request approval of the fee awards, only serves to prejudice Plaintiffs' Counsel who have bills to pay and families to feed. Accordingly, Plaintiffs' Counsel accepts each arbitrators' findings of fact and interpretation of law; including Arbitrator Fink's citation to the Eleventh Circuit that "it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. C.L. Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1990) Ex. 10 - Washington Arbitration Fee Order.

## II.   The Court Should Confirm the Arbitration Fee Orders

### 1.   There is a Strong Presumption of Confirmation of Arbitration Awards

As the Court held in its Order Approving Plaintiffs' Settlement, "[T]here is a presumption that arbitration awards will be confirmed" and "federal courts should defer to an arbitrator's decision whenever possible." *See Frazier v. CitiFinancial Corp., L.L.C.,* 604 F.3d 1313, 1322 (11th Cir. 2010) (*quoting B.L. Harbert Int'l, LLC v. Hercules Steel Co.,* 441 F.3d 905, 909 (11th Cir. 2006)). *Donado v. MRC Express, Inc.,* Civil Action No. 17-24032-Civ-Scola, 2019 U.S. Dist. LEXIS 246636, at *2 (S.D. Fla. Sep. 6, 2019); *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1288 (11th Cir. 2002); *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.,* 146 F.3d 1309, 1312 (11th Cir. 1998) ("Judicial review of

arbitration awards is 'narrowly limited,' and the FAA presumes that arbitration awards will be confirmed."). "As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard,* 307 F.3d at 1288.

### 2. There is No Basis or Authority for the Court to Alter or Conduct a De Novo Review of the Arbitration Fee Orders

In the Eleventh Circuit, "Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10, 11, provide the **exclusive** means by which a federal court may upset an arbitration panel's award…Section 10 empowers the court to vacate an arbitration award 'where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.' 9 U.S.C. § 10(a)(4). Section 11 allows for modification of an award '[w]here the arbitrators have awarded upon a matter not submitted to them.' Id. § 11(b)."*White Springs Agricultural Chemicals, Inc. v. Glawson Invs. Corp.,* 23 Fla. L. Weekly Fed. C 477, 660 F.3d 1277 (11th Cir. 2011)(emphasis added, internal citations omitted.[5] "Following *Hall Street,* in *Frazier v. CitiFinancial Corp., LLC,* we followed suit, foreclosing wide-ranging challenges to arbitration awards: 'We hold that our judicially-created bases for vacatur are no longer valid in light of Hall Street" *Payne v. Savannah Coll. of Art & Design, Inc.,* 81 F.4th 1187 (11th Cir. 2023).

---

[5] Citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 586, 128 S.Ct. 1396, 1404–05, 170 L.Ed.2d 254 (2008); Frazier, 604 F.3d at 1323–24. *Frazier v. CitiFinancial Corp., L.L.C.,* 604 F.3d 1313, 1322 (11th Cir. 2010)

"The Eleventh Circuit's position on this matter is unequivocal: the standard of review for attorneys' fees is the same as the review for the underlying award. See White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277 (11th Cir. 2011) (reviewing a motion to vacate an arbitration award and applying the "high hurdle" standard from Frazier, 604 F.3d at 1321). ***Indeed, in the context of post-arbitration attorneys' fees, the Eleventh Circuit held that "federal courts should defer to an arbitrator's decision whenever possible.***"[5] Id. (internal citation omitted).[6] Such deference is possible here." Aralar v. Scott McRea Auto. Grp., LLLP, No. 3:16-cv-00146-TJC-JBT, 2018 U.S. Dist. LEXIS 64045, at *7 (M.D. Fla. Apr. 17, 2018).

The Supreme Court held that "So long as the arbitrator was arguably construing the contract—which this one was—a court may not correct his mistakes under § 10(a)(4). The potential for those mistakes is the price of agreeing to arbitration. As we have held before, we hold again: "It is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

---

[6] In *White Springs,* the Eleventh Circuit noted that the award of attorneys' fees was, in part, appropriate because the arbitration agreement at issue provided for fee-shifting if certain qualifications were met. *White Springs Agric. Chems., Inc.,* 660 F.3d at 1279. The agreement in the instant case features a similar type of provision.

*Oxford Health Plans LLC v. Sutter,* 133 S. Ct. 2064, 186 L.Ed.2d 113, 569 U.S. 564 (2013).

In the present matter, each arbitrator was in the best position to issue an Arbitration Fee Order in each respective case. Each arbitrator issued their Arbitration Fee Order based upon each arbitrator's findings of facts and the history of the case before them. Moreover, each arbitrator was delegated the exclusive right to determine the Arbitration Fee Orders pursuant to the Parties' Stipulation. Ex. 12 - Jan. 13, 2023 Harris Stipulation.

> "The parties stipulate and agree that pursuant to the FLSA and Eleventh Circuit precedent, with respect to a prevailing plaintiff, the FLSA's prevailing plaintiff's award of attorneys' fees and costs supersedes any language to the contrary contained in the Arbitration Agreement(s) itself and that the Arbitrator should follow federal law in awarding attorneys' fees and costs (if any). NCR reserves the right to contest the amount of any claim for attorney's fees or costs on behalf of a prevailing plaintiff."

And NCR did contest Plaintiffs' Counsels' motions for an award of attorneys' fees and costs in each and every arbitration. Following the final briefing on January 10, 2024, each arbitrator determined that the applicable arbitration agreements provided them 1.) the ability to award the prevailing Plaintiffs attorneys fees and costs; and 2.) to determine the amount of the attorneys' fees and costs awarded.

NCR agreed. In each of the Joint Motions for arbitrator approval of the Settlement Agreements, NCR jointly requested the Arbitrator to "enter Judgment for the Claimant in the amount of the settlement agreement and reserve the

Arbitrator's role and continued appointment (or jurisdiction to the extent applicable) to determine the amount of attorneys' fees and costs to be paid by NCR to the Claimant as a prevailing Plaintiff/Claimant pursuant to the FLSA." Ex. 13 - Harris Joint Motion to Approve.

"A court's review of arbitration awards is limited to ensuring that "the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" Nat'l Football League, 820 F.3d at 532 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987)). "[E]ven if an arbitrator makes mistakes of fact or law, [a court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority." Rite Aid, 704 F. App'x at 12 (quoting Nat'l Football League, 820 F.3d at 532). "The potential for those mistakes is the price of agreeing to arbitration. . . . '[I]t is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.'" Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 572-73, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960)). " In re Emrith,

No. 22-CV-3704(JS)(JMW), 2023 U.S. Dist. LEXIS 173117, at *3 (E.D.N.Y. Sep. 27, 2023)

Pursuant to the Supreme Court and Eleventh Circuit precedent, NCR cannot now request the Court to conduct some sort of independent De Novo review, modify or upset the Arbitration Fee Orders even if NCR or the Court believes the arbitrator made 'mistakes' or if they dispute or refute the quantum of fees or rates awarded. To the contrary, as this Court has already said here, pursuant to <u>Silva</u>, *supra*, the court is to review the fee awards to see that Plaintiffs were "adequately" (aka sufficiently or fairly) compensated. Plaintiffs counsel suffered significant and financially painful cuts on the fees they requested and for the time and effort they put into fighting this Multi-Billion Dollar corporation and its team of lawyers to recover the wages of 10 individuals and champion their FLSA rights with risk of 0 recovery. Naturally, and logically, Plaintiffs counsel do not agree with the arbitrator's reductions in the fees Plaintiffs' counsel incurred in prosecuting these 10 cases, nor believe them as handed down to be fair or leaving them sufficiently (adequately) compensated. Plaintiffs counsel of course hoped to receive their full lodestar or some minimal reduction. But if there's going to be some look beyond the legal authority, and the Court finds it has discretion to make the award more adequate, Plaintiffs counsel of course would not oppose the same. But, to be clear, Plaintiffs are not seeking a challenge nor asking for enhancement herein.

### 3. Plaintiffs' Counsel is Entitled to Additional Attorneys' Fees and Costs for Time Incurred in Confirming The Arbitration Fee Orders

Assuming NCR does what it has forewarned of and files a motion of its own seeking some review and/or challenge to the Arbitrator's Fee Awards/ORDERS, the same of which would appear to be without precedent, improper and lacking merit, or if NCR seeks to move the Court to alter, modify or conduct a de novo review of the Arbitration Fee Orders, Plaintiffs' Counsel are entitled to and does herein seek additional attorneys' fees and costs associated with time incurred with responding to the same. Already, needlessly now because of NCR's notification of intention to seek some sort of heightened review and scrutiny over the Fee Awards/Orders, and warning of filing a motion of their own, Plaintiffs counsel has now been forced to spend hours researching this matter further and preparing this motion and memorandum of law/Brief in support which they would not have had NCR as should here, either unopposed a simple motion to confirm the awards or file a joint motion to confirm the Fee awards/Orders. This motion and any response to a motion by NCR is still actions necessary to prove the amount of fees and confirm the awards/orders, awardable under 11th Cir binding precedent and the FLSA.[7]

---

[7] The Eleventh Circuit holds "that attorney's fees may be awarded for time spent litigating the fee claim…" *See* Thompson v. Pharmacy Corp. of America, Inc., 334 F.3d 1242 (11th Cir. 2003) *See* Butdorf v. SC Maintenance, Inc., No. 8:15-cv-916-T-23TGW, 2015 U.S. Dist. LEXIS 174330, 2015 WL 9694516, at *3 (M.D. Fla. Dec. 7, 2015) (noting in an FLSA case that "time preparing this motion for an attorney's fee and costs is compensable"); *citing* Hill v. Chequered Flag Auto Sales, Inc., Case No. 6:05-cv-1597-Orl-18KRS, 2007 U.S. Dist. LEXIS 15638, 2007 WL 710139, at *5 (M.D. Fla. Mar. 6, 2007) (awarding fees in an FLSA case for hours worked preparing an attorney's fees motion). A prevailing party is entitled to an award of attorneys' fees for the time spent litigating the fees'.

The court in *Nelson v. PJ Cheese, Inc.,* Civil Action 4:20-CV-00242-JPB (N.D. Ga. Jul 12, 2023) held that plaintiff is entitled to reasonable attorney's fees for collecting a final judgment under the FLSA. "The Court finds the reasoning of DiFrancesco persuasive and concludes that reasonable attorney's fees for collecting a final judgment are available under the FLSA." *at* 1. The *Nelson* Court expounded upon this principle to include attorneys' fees incurred for confirming an arbitration award. "[T]he Court found that because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, Petitioner was entitled to attorney's fees that he incurred in confirming the award." *citing* Thomas v. Grease Guard, LLC, No. 1:14-CV-619, 2018 WL 1137183, at *1 (N.D.Ga. Jan. 5, 2018) (awarding attorney's fees under the FLSA for the costs incurred in confirming the arbitration award). *See also Ashton v. PJ La., Inc.,* No. 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) (awarding attorney's fees incurred in the confirmation of the arbitration award and recognizing that other district courts have done the same in FLSA cases).

In Thomas, *Supra*, the Court granted Plaintiff Jonathan Thomas's Motion for Post-Arbitration Fees and Costs [Doc. 22]). "This Court's conclusion is also consistent with district courts [*8] **nation-wide** that have awarded attorneys' fees

issues. Johnson v. University College, 706 F.2d 1205, 1207 (11th Cir.), cert. denied, 464 U.S. 994, 104 S. Ct. 489, 78 L. Ed. 2d 684 (1983). "In addition, a party may also recover the cost of establishing their right to, and the amount of attorney's fees-the right to fees-on-fees." Pierre-Louis v. Baggage Airline Guest Servs., 19-cv-61306-RAR/Becerra, 12 (S.D. Fla. Aug. 4, 2021) *citing* Norelus v. Denny's, Inc., 628 F.3d 1270, 1301 (11th Cir. 2010).

to plaintiffs who have successfully confirmed or defended an arbitration award pursuant to an applicable fee-shifting statute." <u>Ronquillo v. Nabors Compeltion & Prod. Servs.</u>, No. 2:21-cv-05535-DDP (JPR), 2021 U.S. Dist. LEXIS 259760, at *7-8 (C.D. Cal. Nov. 22, 2021)(citing to Nelson v. PJ Cheese, Inc., No. 4:20-CV-00242-JPB, 2021 U.S. Dist. LEXIS 114633, 2021 WL 2493252, at *2 (N.D. Ga. June 17, 2021) ("Because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, this Court finds it appropriate to award Petitioner the attorney's fees that he incurred in confirming the award.").  Id. See <u>Silva</u>, *Supra* (the review is whether Plaintiff's counsel was "adequately" (sufficiently compensated), not whether the fees were cut enough or as NCR likely is to argue, was too high of an award.

WHEREFORE, Plaintiffs and their Counsel respectfully request this Court to expeditiously adopt and ratify each Arbitration Fee Order and further enter Judgment for the Plaintiffs and their Counsel in the amounts of each Arbitration Fee Order without further delay and prejudice. Plaintiffs reserve the right to respond to any filing by NCR and seek oral argument on the same. To the extent NCR seeks to challenge the arbitrator's awards, Plaintiffs will seek and accept any additional fees, costs and interest this Court finds is warranted after review of the same to adequately compensate plaintiff's attorneys.   Plaintiffs request the Court

reserve jurisdiction to rule upon any forthcoming Post award Motion for Attorney's fees by Plaintiffs for a period of 60 days.

Respectfully submitted this 8th day of March 2024.


/s/ Mitchell L. Feldman
Mitchell Feldman Esq.
GA Bar No. 257791
FELDMAN LEGAL GROUP
12610 Race Track Road,
Suite 225
Tampa, FL 33625
Tel: 813-639-9366
Fax:813-639-9376
mfeldman@flandgatrialattorneys.com
Attorney for the Plaintiffs

*/s/ Benjamin L. Williams
Benjamin L. Williams Esq.
Florida Bar No. 0030657
WILLIAMS LAW P.A.
123 18th Avenue N.
Unit A
Jacksonville Beach, FL 32250
(tel) 904-580-6060
(fax) 904-417-7494
bwilliams@williamslawjax.com
*Attorney for the Claimants in AAA
Arbitration proceedings.

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

*/s/ Mitchell Feldman*