## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIC HARRIS, *Individually and on behalf of all others similarly situated*,

     Plaintiff,

              v.

NCR CORPORATION, *a foreign for profit corporation*,

     Defendant.

Civil Action No.
1:22-cv-00714-SDG

## OPINION AND ORDER

On July 22, 2024, the Court granted Plaintiffs' motion to confirm the arbitration awards from ten separate arbitrations.[1] It inadvertently failed to address Plaintiffs' request for supplemental attorneys' fees for their time spent confirming the arbitration awards and post-award, pre-judgment interest. The Court re-opened the case for these purposes,[2] and Plaintiffs have now filed a motion for supplemental attorneys' fees [ECF 41] and a motion for an order awarding post-award, pre-judgment interest [ECF 44]. Having considered the requests, as well as Defendant NCR Corporation's response, the Court **GRANTS** both motions and awards Plaintiffs the following amounts:

---

[1]   ECF 37.

[2]   ECF 42.

- $29,389 in supplemental attorneys' fees.

- $15,589.02 in post-award, pre-judgment interest.

## I.    Motion for supplemental attorneys' fees

The FLSA provides that a prevailing plaintiff be awarded reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). This includes fees for time spent confirming an arbitration award. *Thomas v. Grease Guard, LLC*, No. 1:14-CV-619-MHC, 2018 WL 1137183, at *1 (N.D. Ga. Jan. 5, 2018). Though entitled to fees, the amount of fees must nevertheless be reasonable. Reasonableness is often assessed by multiplying the reasonable hourly rate by the reasonable number of hours spent litigating a motion—the lodestar. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In the underlying arbitrations, Plaintiffs settled for a total of $618,452.75 plus an attorneys' fee award of $601,432.68.[3] In this Court, NCR opposed the motion to confirm the award.[4] Plaintiffs were thus required to litigate the confirmation motion and defend the underlying award. After a hearing, the Court confirmed the arbitration award.[5]

---

[3]    ECF 29, at 3.

[4]    ECF 30.

[5]    ECF 37.

Plaintiffs now seek an additional $42,397 for their time spent confirming the arbitration award and responding to the instant motions.[6] NCR asks the Court to deny any additional fees award, arguing that anything beyond Plaintiffs' initial award is unreasonable. The Court agrees that Plaintiffs are entitled to fees for their time spent confirming the award. Applying the lodestar method, the Court finds that Plaintiffs' counsels' rates are reasonable, but all of their hours are not.

### A.     Reasonable rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.

There are three billing attorneys on this case:

- Benjamin Lee Williams: $450 per hour[7]

- Mitchell L. Feldman: $500 per hour[8]

- Jason Quintus: $400 per hour.[9]

---

[6]   ECF 41 seeks approximately $39,000, and the reply brief seeks an additional $3,325. ECF 50, at 11.

[7]   ECF 41-4, ¶ 16.

[8]   ECF 41-5, ¶ 18.

[9]   *Id*.

Considering the opinion expressed by Gregg Shavitz[10] (the expert obtained by Plaintiffs to opine on reasonable rates), undersigned's own familiarity with the local legal market, and NCR's non-objection to the rates themselves,[11] the Court concludes that the hourly rates are reasonable.

### B.    Reasonable hours

Attorneys' fees applicants are required to utilize proper "billing judgment," and "excessive, redundant or otherwise unnecessary hours should be excluded" from the Court's calculus. *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983)). The determination of which hours should be excluded as excessive "must be left to the discretion of the district court." *Id*.

After carefully reviewing Plaintiffs' billing entries, the Court finds the following entries are duplicative or otherwise unnecessary:[12]

- Williams's hours

    - a March 8 entry showing excessive and duplicative research for the motion to confirm the arbitration award;

    - a March 24 entry reflecting excessive and duplicative time reviewing and Shepardizing case law from NCR's response to the motion to confirm;

---

[10]   ECF 41-3.

[11]   NCR wisely does not argue that counsel's hourly rates are *per se* unreasonably high. It argues only that Plaintiffs have raised their rates, which holds little weight considering the overall reasonableness of the rates. ECF 41, at 16.

[12]   ECF 46-1.

- o a May 15 entry duplicating work done by other timekeepers; and

- o a June 4 entry billing longer than Feldman for the same hearing.

- Feldman's hours

  - o a March 26, two May 15, and July 24 entries reflecting work that was duplicative of Williams's; and

  - o a July 27 entry showing unnecessary research.

After subtracting these duplicative and excessive hours, the Court calculates the following amounts:

- Williams's reasonable hours amount to 19.13. Multiplied by his reasonable rate of $450/hour, the total is $8,608.50.

- Quintas's reasonable hours amount to 6.89. Multiplied by his reasonable rate of $400/hour, the total is $2,756.

- Feldman's reasonable hours amount to 36.05. Multiplied by his reasonable rate of $500, the total is $18,025.

The Court also declines to award the additional $3,325 requested in Plaintiffs' reply brief since NCR's objections here are not meritless and Plaintiffs did not entirely prevail. After this reduction, the Court awards Plaintiffs a total of **$29,389.50** in supplemental attorneys' fees.

## II.    Motion for post-award, pre-judgment interest

Under federal law, the prevailing party in FAA arbitration-confirmation proceedings is presumptively entitled to post-award, pre-judgment interest. *See Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998); *see also Lewis v. Haskell Co.*, 304 F. Supp. 2d 1347, 1350 (M.D. Ala.

2004). The decision to award such interest is nonetheless committed to "the district court's sound discretion." *Indus. Risk Insurers*, 141 F.3d at 1446 ("Because we hold that the district court held federal question jurisdiction . . . and that federal law allows awards of post-arbitral-award, prejudgment interest, we remand for a determination whether, in the court's discretion, the circumstances of the instant case warrant such an award.").

There is no reason to upset the presumptive award of pre-judgment interest in this case. NCR argues that, because the arbitration awards themselves do not mention interest, no award should issue from this Court. But NCR fails to point the Court to any case law demonstrating that an arbitrator's failure to award interest overrides the general presumption that interest will be awarded. NCR also argues that the overall award before the addition of prejudgment interest is sufficient. But that is not relevant; interest is intended to be awarded in addition to the judgment.

The applicable interest rate is governed by 28 U.S.C. § 1961(a).[13] This statute sets the interest rate "on any money judgment in a civil case recovered in a district

---

[13]   While it appears this Circuit has never explicitly stated as much, other courts have held that this is the applicable statute for judgments confirming arbitration awards. *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 457 (5th Cir. 2013) ("A judgment confirming an arbitration award—like any other civil judgment—is subject to § 1961."); *see also Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091,

court" based on the rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The rate for the calendar week preceding the date of judgment, July 22, 2024, was 4.86%. *See Daily Treasury Par Yield Curve*, U.S. Department of Treasury, https://home.treasury.gov/resource-center/data-chart-center/interest-rates/ TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2024 (last visited Nov. 6, 2024); *see also Post-Judgment Interest Rates- 2024*, United States Bankruptcy Court, Southern District of California, https://www.casb.uscourts. gov/post-judgment-interest-rates-2024 (last visited Nov. 6, 2024).

Plaintiffs' motion for interest is difficult to comprehend and makes arguments that are largely irrelevant. What is clear, though, is that Plaintiffs ask the Court to apply an interest rate of 11.5% to each arbitral award.[14] That rate is based on O.C.G.A. § 7-4-12, but state law is only relevant where a Court is exercising diversity of citizenship jurisdiction. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) ("The district court erred to the extent that it exercised discretion under federal law to decline to award

---

1102 (9th Cir. 2011); *Gulfstream Aerospace Corp. v. OCELTIP Aviation 1 Pty. Ltd.*, 451 F. Supp. 3d 1370, 1384 (S.D. Ga. 2020).

14   *Id.*, at 9.

prejudgment interest because state law governs the entitlement of Baker to prejudgment interest. The jurisdiction of the district court was based on diversity of citizenship. In diversity cases, the availability and amount of prejudgment interest is ordinarily governed by state law."). This is a federal question case. The federal statute thus applies.

The Court calculated the post-award, pre-judgment interest accrued on the total arbitral award (including the fee and cost awards) for each individual arbitration case using the annual interest rate of 4.86%, as required by 28 U.S.C. § 1961. The total amount accrued across all arbitrations is **$14,954.75**.[15]

## III.    Conclusion

Plaintiffs' motion for supplemental attorneys' fees [ECF 41] and motion for pre-judgment interest [ECF 44] are **GRANTED in part** and **DENIED in part**. The Court awards $29,389.50 in supplemental attorneys' fees and $14,954.75 in interest. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 7th day of November, 2024.

Steven D. Grimberg
United States District Judge

---

[15]    The individual calculations are reflected in the attached spreadsheet.